**If you do not respond to this document
within applicable time limits, judgement
could be entered against you as requested.**

Kurt B. London (#16499)
**CRAIG SWAPP & ASSOCIATES**
9980 South 300 West, #400
Post Office Box 709390
Sandy, Utah 84070
Telephone: (801) 990-1919
Facsimile: (801) 984-5288
kurt.london@craigswapp.com

Matthew J. Grossman – *pro hac vice anticipated*
Florida Bar No. 111517
Georgia Bar No. 421625
Tennessee Bar No. 032749
10 West Adams Street
Jacksonville, FL  32202
(904) 515-6205
mgrossman@farahandfarah.com

*Attorneys for Plaintiff*

---

## IN THE SEVENTH JUDICIAL DISTRICT COURT
### EMERY COUNTY, STATE OF UTAH

| | |
|---|---|
| MARY MORRISETT, | **COMPLAINT** |
| Plaintiff, | |
| vs. | Case No. |
| | Judge |
| GREYHOUND LINES, INC. and JOHN DOES I-XX | Tier 3 |
| Defendants. | |

1

Mary Morrisett, through her undersigned counsel, hereby complains and alleges the following against Defendants Greyhound Lines, Inc. and John Does I-XX (collectively "Defendants") and will respectfully show as follows:

VENUE AND JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to UTAH CODE ANN. § 78A-5-102.

2.      Venue is proper in this Court pursuant to UTAH CODE ANN. § 78B-3-307(1) because the underlying incident occurred in Emery County, Utah.

PARTIES

3.      Plaintiff Mary Morrisett ("Plaintiff") is a resident of White County, Georgia.

4.      At all material times herein, Greyhound Lines, Inc. ("Defendant Greyhound") was a bus company operating out of Dallas County, Texas but doing business on the road and byways of the State of Utah. This particular bus owned and operated by Defendant Greyhound was driving from Green River, Utah to Las Vegas, Nevada. Additionally, this Defendant's continuous and systemic contacts with Utah justify the exercise of general jurisdiction. Further, this Defendant's contacts with Utah arising out of the incident made the basis of this lawsuit justify the Court also exercising specific jurisdiction. Defendant Greyhound may be served with process at its office address of 350 N. St. Paul Street, Dallas, TX 75201 or wherever it be may be found.

5.      Defendants John Doe I-XX are persons or entities not presently known who are persons similarly liable for the herein complained acts. Defendants John Doe I- XX are agents, employees, or employers of the Defendants who are liable or vicariously liable for acts complained

herein. When the true identities of Defendants John Doe I- XX are discovered, an Amended Complaint will be filed to allege their true identities.

## FACTS

6.      On or about Monday, December 27, 2021 at approximately 11:48 PM, Plaintiff rode on one of Defendant Greyhound's buses Westbound on the I-70 through Emery County, Utah.

7.      Defendant Greyhound's bus was driving from Green River, Utah to Las Vegas, Nevada.

8.      Plaintiff, at all times relevant, was not working in the course and scope of her employment.

9.      At that time Defendant Greyhound's employee driver, at all times relevant was acting in the course and scope of his employment, and was drove on the far right lane of the freeway.

10.      For an unknown reason Defendant Greyhound's employee driver lost control of the bus near mile marker 112 and veered onto the shoulder.

11.      Defendant Greyhound's bus continued to drive on the shoulder for approximately 100 yards before overturning.

12.      Four (4) years prior, another bus owned by Defendant Greyhound crashed in the same location resulting in the death of a minor child and injuring twelve (12) others.

13.      Plaintiff was severely injured in this accident. Since the date of the incident Plaintiff has undergone an emergency surgery to install plates and screws in order to repair her broken hip. As a proximate result of the Defendants' conduct, Plaintiff has suffered and is suffering injuries

including, but not limited to, a broken hip, broken ribs, and other serious injuries not yet ascertained as the Plaintiff is still continuing to receive medical treatment.

14.     Plaintiff has incurred substantial expenses for medical care and treatment in an amount not fully determined but which currently exceeds $3,000 as required by Utah law.

15.     To date, Plaintiff has substantial treatment which will continue in the future.

### CAUSE OF ACTION I
**(NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANTS JOHN DOE I-XX)**

16.     Plaintiff repeats and re-alleges each allegations contained above.

17.     Plaintiff sustained injuries because of the negligence and gross negligence of Defendants when Defendants John Doe I-XX failed to:

    a.   Failed to maintain a safe speed;

    b.   Failed to maintain a safe distance;

    c.   Failed to maintain control of the vehicle;

    d.   Failed to pay attention to the road;

    e.   Failed to exercise caution;

    f.   Failed to keep a proper lookout;

    g.   Failed to operate Defendants John Doe I-XX's vehicle safely;

    h.   Failed to follow safe driving standards as set forth in the Utah Drivers Handbook;

    i.   Violated applicable rules, regulations, and traffic laws;

    j.   Violated Federal Motor Carrier regulations;

k.   Other acts deemed negligent and grossly negligent, and;

l.   Otherwise acting without that degree of care required under the circumstances.

18.   The negligent acts and/or omission of Defendants John Doe I-XX are the proximate cause of this collision and of Plaintiff's injuries and emotional distress.

## CAUSE OF ACTION II
### (NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT GREYHOUND)

19.   Plaintiff repeats and re--alleges each allegations contained above.

20.   Plaintiff sustained injuries because of the negligence and gross negligence of Defendants when Defendant Greyhound:

a.   Failed to supervise Defendants John Doe I-XX adequately;

b.   Failed to train Defendants John Doe I- XX adequately;

c.   Failed to have adequate policies on driver hiring, training, and supervision;

d.   Failed to take adequate corrective action with regard to Defendants John Doe I-XX after the underlying incident;

e.   Failed to follow industry standards with regard to hiring, training, and supervising drivers; and

f.   Other acts deemed negligent and grossly negligent.

21.   Knowledge of the actions of its employees is imputed to Defendant Greyhound.

22.   On balance, Defendant Greyhound owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate

cause of Plaintiff's injuries. As a result of Defendant Greyhound's negligence, Plaintiff suffered severe injury.  Plaintiff is entitled to recover for these injuries.

## CAUSE OF ACTION III
### (NEGLIGENCE PER SE AGAINST DEFENDANTS JOHN DOE I-XX)

23.     Plaintiff repeats and re-alleges each allegations contained above.

24.     Defendants John Doe I-XX's conduct as described herein constitutes an unexcused breach of duties imposed by Utah Code Annotated § 41-6A-601, driving too fast for the existing road conditions.

25.     Plaintiff is a member of the class that the aforementioned sections of the Utah Code Annotated is designed to protect.

26.     Defendants John Doe I-XX's unexcused breach of the duties imposed by the aforementioned sections of the Utah Code Annotated proximately caused Plaintiff's injuries.

## CAUSE OF ACTION IV
### (AGENCY AGAINST DEFENDANT GREYHOUND)

27.     Plaintiff repeats and re-alleges each allegation contained above.

28.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Greyhound occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Greyhound.

29.     Therefore, Defendant Greyhound is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

<u>CAUSE OF ACTION V</u>
**(NEGLIGENT HIRING AGAINST DEFENDANT GREYHOUND)**

30.    Plaintiff repeats and re-alleges each allegation contained above.

31.    Plaintiff sustained injuries as a result of Defendant Greyhound's negligent hiring

because of Defendant Greyhound's:

    a.   Failure to conduct a reasonable and adequate interview of Defendants John Doe

        I-XX as a potential employee/driver.

    b.   Failure to properly follow up on information not provided by Defendants John

        Doe I-XX in the interview process.

    c.   Failure to conduct a proper employment and background check of Defendants

        John Doe I-XX.

    d.   Failure to sufficiently investigate Defendants John Doe I-XX's training, prior

        employment, criminal record, and past.

    e.   Failure to perform the required screening and/or testing of Defendants John Doe

        I-XX.

    f.   Failure to adopt proper policies and procedures regarding the interview of a

        potential employee who will be driving for Defendant Greyhound on Utah

        roads.

    g.   Such other and further acts of negligence as may be shown in the trial of this

        cause as discovery progresses.

32.     On balance, Defendant Greyhound owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of the Defendant Greyhound's negligent and grossly negligent hiring, Plaintiff suffered severe injuries.  Plaintiff is entitled to recover for her injuries.

33.     Additionally, the actions/inactions of Defendant Greyhound were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### CAUSE OF ACTION VI
### (NEGLIGENT TRAINING AGAINST DEFENDANT GREYHOUND)

34.     Plaintiff repeats and re-alleges each allegation contained above.

35.     Plaintiff sustained injuries as a result of Defendant Greyhound's negligent training because of Greyhound's:

a.  Failure to explain and demonstrate its safety policies and procedures to Defendants John Doe I-XX.

b.  Failure to provide the necessary training to Defendants John Doe I-XX regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

c.  Failure to properly train its drivers regarding all aspects of driver safety.

8

    d.  Failure to train its employees, including Defendants John Doe I-XX, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

    e.  Failure to provide and/or require regular follow-up driver education and training.

    f.  Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

36.    On balance, Defendant Greyhound owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Greyhound's negligent and grossly negligent training, Plaintiff suffered severe injuries.  Plaintiff is entitled to recover for their injuries.

37.    Additionally, the actions/inactions of were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## CAUSE OF ACTION VII
### (NEGLIGENT SUPERVISION, RETENTION, AND MONITORING AGAINST DEFENDANT GREYHOUND)

38.    Plaintiff repeats and re-alleges each allegation contained above.

39.    Plaintiff sustained injuries as a result of Defendant Greyhound's negligent supervision, retention and monitoring because of Defendant Greyhound's:

    a.  Failure to monitor Defendants John Doe I-XX to make sure that he was complying with policies and procedures.

b. Failure to interview and test Defendants John Doe I-XX to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

c. Failure to implement proper policies and procedures for its employees, including Defendants John Doe I-XX, regarding driver safety and vehicle safety.

d. Failure to document and make a determination regarding fault in the accident made the basis of this suit.

e. Failure to supervise Defendants John Doe I-XX to ensure that he was keeping the vehicle properly maintained.

f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

40. On balance, Defendant Greyhound owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Greyhound's negligent and grossly negligent supervision, retention, and monitoring, Plaintiff suffered severe injuries.  Plaintiff is entitled to recover for her injuries.

41. Additionally, actions/inactions of Defendant Greyhound were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## CAUSE OF ACTION VIII
### (NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT GREYHOUND)

42.     Plaintiff repeats and re-alleges each allegation contained above.

43.     Plaintiff sustained injuries as a result of Defendant Greyhound's negligent entrustment because Greyhound:

      a.     Provided a vehicle and/or authority to Defendants John Doe I-XX who were not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

44.     On balance, Defendant Greyhound owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Greyhound's negligent and grossly negligent entrustment of a commercial vehicle to Defendants John Doe I-XX, Plaintiff suffered severe injuries.  Plaintiff is entitled to recover for her injuries.

45.     Additionally, actions/inactions of Defendant Greyhound were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## CAUSE OF ACTION IX
### (RATIFICATION AGAINST DEFENDANT GREYHOUND)

46.     Plaintiff repeats and re-alleges each allegation contained above.

47.     Defendant Greyhound is responsible for the negligence and gross negligence of its driver under the theory of ratification because :

a. Retained its driver after he committed the underlying tortious acts;

b. Knew of its driver's tortious acts;

c. Recognized that its driver will likely continue to be negligent if he is retained;

d. Recognized that its driver will likely continue to be grossly negligent if he is retained;

e. Failed to take adequate measures to prevent its driver from committing future tortious acts; and

f. Otherwise adopted, confirmed, or failed to repudiate its driver's negligent and grossly negligent conduct after Defendant Greyhound gained knowledge of the conduct.

48.     As a result of Defendants John Doe I-XX negligent and grossly negligent conduct, which Defendant Greyhound ratified, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### CAUSE OF ACTION X
**(LOSS OF CONSORTIUM AGAINST DEFENDANTS GREYHOUND AND JOHN DOES I-XX)**

49.     Plaintiff, at all times relevant, was legally and lawfully married to Will Morrisett.

50.     Plaintiff suffered a significant permanent injury that substantially changed her lifestyle and rendered her incapable of performing the types of jobs she performed before the injury.

51.    As a result of the injury sustained by Plaintiff, Will Morrisett lost the benefits that he expected to receive from Plaintiff such as but not limited to companionship, cooperation, affection, aid, and sexual relations.

## RULE 26(C)(5) TIER 3 ELECTION

52.    Plaintiff's damages are well in excess of $300,000.00. Therefore, this case qualifies for Tier 3 discovery under Rule 26(c)(5) and Plaintiff elects Tier 3 discovery in this matter.

## PRAYER FOR RELIEF AGAINST ALL DEFENDANTS

53.    **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

a.  For the value of past medical care and treatment in the amount as updated at trial as Plaintiff's treatment may be is ongoing and substantial;

b.  For future medical care and treatment and other future special damages in an amount to be established through discovery;

c.  For past, present, and future lost wages in an amount to be established discovery;

d.  For the derivative loss of consortium claim for Plaintiff's spouse, Will Morrisett, in an amount to be updated at trial but in an amount no less than $500,000.00;

e.  For past, present, and future loss of household services in an amount to be established discovery;

f.  For interest incurred on special damages as provided by Utah law; and costs, expenses, and if applicable, attorney's fees as provided by law in an amount to be established at trial;

g.  For general and compensatory damages, for pain and suffering, and loss of the enjoyment of life in an amount to be established at trial, but no less than $2 million;

h.  For all other damages as allowed under Utah law;

i.  For exemplary damages for Defendants' grossly negligent conduct; and

j.  For such other relief as the court deems just and fair.

**DATED:**  January 3, 2022.

CRAIG SWAPP & ASSOCIATES

Kurt B. London (#16499)
CRAIG SWAPP & ASSOCIATES
9980 South 300 West, #400
Post Office Box 709390
Sandy, Utah 84070
Telephone: (801) 990-1919
Facsimile: (801) 984-5288
kurt.london@craigswapp.com

Matthew J. Grossman – *pro hac vice anticipated*
Florida Bar No. 111517
Georgia Bar No. 421625
Tennessee Bar No. 032749
10 West Adams Street
Jacksonville, FL  32202
(904) 515-6205
mgrossman@farahandfarah.com

*Attorneys for Plaintiff*

**Plaintiff's Address:**
Ms. Mary Morrisett
c/o Kurt B. London
Craig Swapp & Associates
Post Office Box 709390
Sandy, UT 84070

CRAIG SWAPP & ASSOCIATES
9980 SOUTH 300 WEST, #400
SANDY, UT 84070

Atty File #: 220700001
Job ID #: 506162

## IN THE SEVENTH JUDICIAL DISTRICT COURT, COUNTY OF EMERY, STATE OF UTAH

| | |
|---|---|
| Plaintiff/Petitioner: MARY MORRISETT<br>vs.<br>Defendant/Respondent: GREYHOUND LINES, INC. and JOHN DOES I-XX | **DECLARATION OF SERVICE**<br><br>Case No: 220700001 |

Legal documents received by COURT OPS on the January 03, 2022 to be served on:

**Greyhound Lines, INC. C/O CT Corporation System, REGISTERED AGENT**
1108 EAST SOUTH UNION AVENUE MIDVALE, UT 84047

I, **Randall Brown**, being duly sworn, swear and affirm that on the **January 04, 2022** at **09:27 AM**, I did the following:

**CORPORATE SERVICE:** By personally handing the legal document(s) with a conformed copy of this **SUMMONS AND COMPLAINT** to **DANI SNOW** , **AUTHORIZED TO ACCEPT FOR R.A. COMPANY** , at **1108 EAST SOUTH UNION AVENUE MIDVALE, UT 84047** at approximately **09:27 AM** on **JANUARY, 4TH 2022**.

**Supplemental Data Appropriate to this Service:**

**1108 EAST SOUTH UNION AVENUE MIDVALE, UT 84047**

**Description of the person served:**

Gender: Female,  Race/Skin Color: White,  Hair Color: Black,  Approx. Age: 28,  Approx. Height: 5' 10",  Approx. Weight: 140

I HEREBY CERTIFY that I am 18 years of age or older, a resident of the State of Utah, and have no interest in the above legal matter. I further certify that at the time of service of the said article(s), I endorsed my name and official title and added the date thereto. I declare under criminal penalty of the State of Utah that the foregoing is true and correct. (Utah State Code: 78B-18a. Unsworn Declaration in Lieu of Affidavit)

Service Fee: **$45.00**

Randall Brown  R108395
COURT OPS
5693 S Redwood Rd, Ste 13
Taylorsville, UT 84123
(801) 261-9000

**COURT OPS**

 

1 of 1

Kurt B. London (#16499)
**CRAIG SWAPP & ASSOCIATES**
9980 South 300 West, #400
Post Office Box 709390
Sandy, Utah 84070
Telephone: (801) 990-1919
Facsimile: (801) 984-5288
kurt.london@craigswapp.com

Matthew J. Grossman – *pro hac vice anticipated*
Florida Bar No. 111517
Georgia Bar No. 421625
Tennessee Bar No. 032749
10 West Adams Street
Jacksonville, FL 32202
(904) 515-6205
mgrossman@farahandfarah.com

*Attorneys for Plaintiff*

---

## IN THE SEVENTH JUDICIAL DISTRICT COURT
## EMERY COUNTY, STATE OF UTAH

| | |
|---|---|
| MARY MORRISETT, | **SUMMONS** |
| Plaintiff, | |
| vs. | Case No. 220700001 |
| | Judge George M. Harmond |
| GREYHOUND LINES, INC. and JOHN DOES I-XX | Tier 3 |
| Defendants. | |

1

**THE STATE OF UTAH TO THE DEFENDANT GREYHOUND LINES, INC AND JOHN DOES 1-XX:**

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of Seventh District Court, located at 1850 North Des Bee Dove Road, P.O. Box 635, Castle Dale, Utah 84513, and to serve upon or mail to Plaintiff's attorney at 9980 South 300 West, Sandy, Utah 84070 a copy of said answer within 21 days after service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court, and a copy of which is hereto annexed and herewith served upon you.

**DATED:** January 3, 2022.

CRAIG SWAPP & ASSOCIATES

Kurt B. London (#16499)
**CRAIG SWAPP & ASSOCIATES**
9980 South 300 West, #400
Post Office Box 709390
Sandy, Utah 84070
Telephone: (801) 990-1919
Facsimile: (801) 984-5288
kurt.london@craigswapp.com

2

3

Matthew J. Grossman – *pro hac vice anticipated*
Florida Bar No. 111517
Georgia Bar No. 421625
Tennessee Bar No. 032749
10 West Adams Street
Jacksonville, FL  32202
(904) 515-6205
mgrossman@farahandfarah.com
*Attorneys for Plaintiff*

**Defendant's  Address:**
Greyhound Lines, INC. and
John Does I-XX

Agent: CT Corporation System
        1108 E. South Union Avenue
        Midvale, UT 84047

3