THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARY MORRISETT,<br><br>Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC., and JOHN DOES I-XX,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REMAND**<br><br>Case No. 4:22-cv-00003-DN<br><br>District Judge David Nuffer |

Defendant removed this case from the Seventh Judicial District Court, Emery County, State of Utah based on diversity jurisdiction.[1] Plaintiff seeks remand to the state court to permit the case to be consolidated with other pending state court actions arising from the same bus crash ("Motion").[2] Plaintiff argues that once the cases are consolidated, there will no longer be complete diversity for federal subject matter jurisdiction.[3]

Because Plaintiff fails to establish a legally recognized basis for remand, Plaintiff's Motion[4] is DENIED.

## DISCUSSION

"The federal removal statute, 28 U.S.C. § 1441, permits a defendant to remove to federal court 'any civil action brought in a State court of which the district courts of the United States

---

[1] Notice of Removal to United States District Court for the District of Utah ("Notice of Removal") ¶ 6 at 2, docket no. 2, filed Jan. 12, 2022.

[2] Motion for Remand to the Seventh Judicial District Court Emery County, State of Utah ("Motion"), docket no. 10, filed Jan. 25, 2022.

[3] *Id*. at 2-3.

[4] Docket no. 10, filed Jan. 25, 2022.

have original jurisdiction.'"[5] Defendant removed this case from state court on grounds of diversity jurisdiction under 28 U.S.C. § 1332.[6] "In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."[7]

The assertions within Defendant's Notice of Removal (which mirror the allegations of Plaintiff's Complaint[8]) are sufficient to establish diversity jurisdiction over this case. Plaintiff and Defendant are citizens of different states (Georgia and Texas, respectively).[9] And Plaintiff seeks a damages award from Defendant in excess of $300,000.[10] Defendant also timely filed the Notice of Removal within 30 days after its receipt of Plaintiff's Complaint.[11] Therefore, the case's removal was both jurisdictionally and procedurally proper. Indeed, Plaintiff cites no authority to support that the case's removal was improper.

Rather, Plaintiff argues that the timing of the case's removal prevented her from seeking to consolidate the case with other state court actions arising from the same bus crash.[12] Plaintiff asserts that if the case is remanded, she will seek consolidation with the other state court actions.[13] And Plaintiff argues that if consolidation is granted, there will no longer be complete diversity to support federal subject matter jurisdiction.[14] Plaintiff further argues that remand to

---

[5] *Dutcher v. Matheson*, 733 F.3d 980, 984-985 (10th Cir. 2013) (quoting 28 U.S.C. § 1441).

[6] Notice of Removal ¶ 6 at 2.

[7] *Dutcher*, 733 F.3d at 987 (internal quotations omitted); 28 U.S.C. § 1332(a).

[8] Docket no. 2-2, filed Jan. 12, 2022.

[9] Notice of Removal ¶¶ 3-4 at 2; Complaint ¶¶ 3-4 at 2.

[10] Notice of Removal ¶ 7 at 2; Complaint ¶ 52 at 13.

[11] Notice of Removal ¶ 2 at 1, ¶ 8 at 2; 28 U.S.C. § 1446(b)(1).

[12] Motion at 2-3.

[13] *Id*. at 2-5.

[14] *Id*.

the state court will promote judicial economy, convenience, and fairness by avoiding multiple litigation over the same bus crash.[15]

Plaintiff's Motion suffers from multiple fundamental flaws. First, Plaintiff points to no procedural defect in the case's removal that would permit remand. Second, Plaintiff has not sought to join a nondiverse party to *this action.* Consolidation in the *state court* would destroy diversity – which is irrelevant in state court. And consolidation in this court is not proposed. "[A]s matters now stand, the [C]omplaint names parties who are wholly diverse, and there is no basis for remanding to state court" for a lack of federal subject matter jurisdiction.[16]

Finally, although Plaintiff is likely correct that remand would be beneficial to the parties and in the interest of judicial economy, remand for such purposes is not authorized. "[A]n otherwise properly removed action may no more be remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reason."[17] A district court may remand a properly removed case based on an abstention doctrine.[18] But Plaintiff has not presented facts, argument, or citation to legal authority for application of any recognized abstention doctrine.

Therefore, because Plaintiff has not established a legally recognized basis for the case's remand to state court, her Motion[19] is DENIED. It is worth noting, however, that other avenues may exist for Plaintiff to pursue her claims in state court, such as voluntary dismissal of the case

---

[15] *Id*.

[16] *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

[17] *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 344 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

[18] *Quackenbush*, 517 U.S. at 719-731.

[19] Docket no. 10, filed Jan. 25, 2022.

and amendment of pleadings in the other state court cases to include Plaintiff's claims. Trying one case seems much wiser than trying several – but in the absence of a legal basis, this court is unable to remand, even for common-sense reasons.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[20] is DENIED.

Signed March 7, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[20] Docket no. 10, filed Jan. 25, 2022.