IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARY MORRISETT,<br>        Plaintiff,<br><br>vs.<br><br>MESHI C. BASKERVILLE-PHILLIPS and GREYHOUND BUS LINES, INC. and JOHN DOES I-XX,<br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>Case No. 4:22-cv-00003-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint.[1] For the reasons discussed, the Court DENIES the motion.

I.  BACKGROUND

This case arises out of a bus accident in Emery County, Utah, that occurred on December 27, 2021. Plaintiff was a passenger traveling on a Greyhound bus from Green River to Las Vegas when the bus driver allegedly lost control, causing the bus to overturn on the shoulder of I-70. Plaintiff claims she suffered several injuries in the crash, including a broken hip that required surgical repair.

Plaintiff's first amended complaint alleges nine causes of action against Defendants.[2] She claims that Defendants were negligent and grossly negligent under several theories, including traditional negligence, negligence per se, negligent hiring/entrustment/supervision, agency, and ratification.[3] Of special relevance here, Plaintiff seeks "exemplary damages" against Defendant

---

[1] Docket No. 35.

[2] Docket No. 26.

[3] *Id.* at 4–12.

1

Greyhound for the following causes of action: negligent hiring; negligent training; negligent supervision, retention, and monitoring; negligent entrustment; and ratification.[4] Additionally, Plaintiff's prayer for relief seeks exemplary damages against both Defendants.[5]

At issue here is whether Plaintiff should be allowed to amend her complaint a second time. Plaintiff's proposed complaint adds a section asserting independent punitive damages claims against both Defendants.[6] Plaintiff argues a second amendment is warranted because she learned new information during Defendant Baskerville-Phillips' deposition that allegedly supports new claims for punitive damages.[7] Defendants argue that a second amendment is both untimely, because Plaintiff took roughly two months to file her motion, and futile, because punitive damages are not an independent cause of action under Utah law.[8] In reply, Plaintiff argues she missed the filing deadline due, at least in part, to a paralegal's unforeseen health issue, and any delay should be excused by the Court.[9]

## II. DISCUSSION

Once a party has amended his pleading once as a matter of course, he must seek leave of court or written consent of the adverse party to further amend his pleading.[10] "The court should freely give leave when justice so requires."[11] When considering whether to allow an amendment to a complaint, courts consider several factors including undue prejudice to the defendant, undue

---

[4] *Id*. at 8–13.

[5] *Id*., at 13.

[6] Docket No. 36, at 12.

[7] Docket No. 35, at 2.

[8] Docket No. 38, at 3–4.

[9] Docket No. 39, at 3–5.

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Id*.

or inexplicable delay, bad faith or dilatory motive, futility of amendment, and failure to cure deficiencies by amendments previously allowed.[12]

Where, as here, a party seeks leave to amend after a scheduling order deadline has passed, the moving party "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard."[13] "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts,'"[14] which means the movant "must provide an adequate explanation for any delay."[15] "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."[16] "If the plaintiff knew of the underlying conduct but simply failed to raise [applicable] claims, however, the claims are barred."[17] In this case, the parties disagree on two issues: (1) the timeliness of the motion and whether good cause exists to modify the scheduling order, and (2) the usefulness or futility of amendment.

---

[12] *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[13] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[14] *Id.* (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[15] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[16] *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco*, 204 F.R.D. at 668).

[17] *Id.*

A.     TIMELINESS/GOOD CAUSE

It is well settled in the Tenth Circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.[18]

Here, Plaintiff seeks to add a cause of action for punitive damages based on information she learned during Defendant Phillips' deposition on December 21, 2022. Specifically, Plaintiff alleges learning that Ms. Phillips had ten speeding violations prior to the instant bus accident and that Ms. Phillips was traveling at an "excessive speed." However, Plaintiff did not file her motion for leave to amend the complaint until March 1, 2023—nearly three months after Ms. Phillips' deposition and almost a month after the Court-imposed deadline to file amended pleadings.[19]

At first glance, a three-month delay seems excessive. But Plaintiff explained that she did not receive the transcript of the deposition until January 17, 2023, and that her paralegal suffered an unexpected health issue the following day. Under these circumstances, the Court finds that Plaintiff has sufficiently explained and justified the reason for the delay. Additionally, there is no evidence that Plaintiff acted in bad faith or with dilatory motive. Thus, the Court rejects Defendants' contention that the motion is untimely and finds that Plaintiff has shown good cause for modification of the scheduling order.

---

[18] *Rowley v. Morant*, 631 F. App'x 651, 655–56 (10th Cir. 2015); *see also Shifrin*, 483 F. App'x at 451 (citing *Frank*, 3 F.3d at 1365–66).

[19] Amended Pleadings were due by February 8, 2023. *See* Docket No. 33.

B.      FUTILITY OF AMENDMENT

Even with good cause, however, a court can deny a motion to amend if the amendment would be futile, i.e., the amended complaint would be subject to dismissal.[20] Under Utah law, punitive damages are not an independent cause of action but rather are a remedy granted in connection with a cause of action.[21]

In this case, Plaintiff's proposed amendment adds facts in support of an independent, stand-alone cause of action for punitive damages against both Defendants. But, as stated, punitive damages claims are not independent causes of action—they are a remedy. Plaintiff has already requested punitive damages against both Defendants in her prayer for relief. Therefore, there is no need for an independent claim. Although allowing Plaintiff to include these additional facts in her complaint would not necessarily be prejudicial or harmful to Defendants, such facts are unnecessary and duplicative. Thus, the Court finds that Plaintiff's proposed amendments are futile and denies her motion for leave to amend. Nothing about this ruling prevents Plaintiff from asserting these facts at trial or using them to support her already-existing requests for exemplary damages.[22]

---

[20] *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021); *Burke v. New Mexico*, 696 F. App'x 325, 329 (10th Cir. 2017) (citing *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014)).

[21] *DeBry v. Cascade Enters.*, 879 P.2d 1353, 1359 (Utah 1994) (collecting cases); *Dowdy v. Coleman Co.*, No. 1:11cv45DAK, 2011 WL 6151432, at *2 (D. Utah Dec. 12, 2011) (citing *Norman v. Arnold*, 57 P.3d 997, 1001, n.2 (Utah 2002)).

[22] *Dowdy*, No. 1:11cv45DAK, 2011 WL 6151432, at *4 ("[Plaintiffs are] under no obligation to plead punitive damages in conjunction with [their] claims and would be entitled to seek punitive damages at trial if the facts at trial supported such a request.")

## III. CONCLUSION

For the reasons discussed, the Court DENIES Plaintiff's Motion for Leave to Amend Complaint, Docket No. 35.

SO ORDERED this 2nd day of May, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge